# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAMARCUS VARNADO, individually, and on behalf of all other similarly situated, | Case No. 1:20-cv-02035 |
| Plaintiff, | Judge: _____ |
| v. | |
| WEST LIBERTY FOODS, LLC, an Iowa limited liability company, | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant WEST LIBERTY FOODS, L.L.C. ("WLF"), by and through its attorneys, respectfully removes the above-captioned matter from the Circuit Court of Will County, Illinois, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1332(d)(2), 1441, 1446, and 1453(b). In support of its Notice of Removal, WLF states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On February 11, 2020, Plaintiff Lamarcus Varnado filed his Class Action Complaint ("Complaint") against WLF in the Circuit Court of Will County, Illinois, Case Number 20 L 124 ("State Court Action"). Plaintiff's Complaint alleges class-wide violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

2. Plaintiff served WLF with the Summons and Complaint on February 27, 2020. Removal is therefore timely because this Notice of Removal is filed within 30 days after WLF's receipt of service of the initial pleading setting forth the claims for relief upon which the action is based. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

3. Plaintiff is a citizen of the State of Illinois. Compl. ¶ 16.

4. WLF is a limited liability company organized under the laws of Iowa and with a principal place of business in West Liberty, Iowa. *See* Exhibit A, Decl. of D. Waters ¶ 3. Accordingly, as discussed below, it is an Iowa citizen. *See* 28 U.S.C. § 1332(d)(10).

5. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because this Court is the United States District Court for the district and division in which the State Court Action is pending.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon WLF is attached hereto as Exhibit B.

7. Pursuant to 28 U.S.C. § 1446(d), WLF is serving this Notice of Removal on Plaintiff's counsel and filing a Notice of Filing Notice of Removal with the clerk of the Circuit Court of Will County, attaching a copy of this Notice of Removal.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8. The Class Action Fairness Act of 2005 ("CAFA") provides the statutory basis for original jurisdiction in federal court over putative class actions in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

**A. This Case is a Class Action, Which, as Pleaded, Involves More than 100 Putative Class Members.**

9. Plaintiff alleges that he is bringing claims on behalf of a proposed class which includes more than 50 members, comprised of "Defendant's workers who scanned their

fingerprints in Defendant's biometric time clock system in Illinois between February 5, 2015 and the present without first executing a written release." Compl. ¶¶ 26, 28.

10. Plaintiff further alleges that those workers include both "direct employees" and "temporary staffing agency workers." Compl. ¶ 4.

11. The number of WLF hourly production workers at WLF's Bolingbrook, Illinois facilities who have enrolled in the electronic timekeeping system about which Plaintiff complains exceeds 1,600 persons. *See* Exhibit A, Decl. of D. Waters ¶ 4.

**B. The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

12. For purposes of determining the amount in controversy under CAFA, "the claims of the individual members shall be aggregated[.]" 28 U.S.C. § 1332(d)(6).

13. Plaintiff's Complaint alleges reckless violations of BIPA under 740 ILCS 14/20(1)-(2), which carry statutory damages of $5,000 for "each violation." Compl. ¶ 52; p. 7(A); p. 9(A).

14. Plaintiff alleges multiple BIPA violations under 740 ILCS 14/15(b) and (a). Even if each class member is entitled to recover for only one such "violation," recovery greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (1,600 * $5,000 = $8,000,000). *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008). Plus, these alleged damages are on top of Plaintiff's request for attorney's fees and costs. *See* Compl. pp. 7(C), 9(C).

**C. The Parties are Diverse.**

15. WLF is a limited liability company, which is an "unincorporated association" for purposes of CAFA. *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 927 n.3 (N.D. Ill. 2015); *see also Ferrell v. Express Check Advance of S.C., LLC*, 591 F.3d 698, 700 (4th Cir.

3

2010) ("[A] limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10)."); Exhibit A, Decl. of D. Waters ¶ 3.

16. Pursuant to 28 U.S.C. § 1332(d)(10), an unincorporated association is a "citizen of the State where it has its principal place of business and the State under whose laws it is organized."

17. WLF is a limited liability company organized under the laws of Iowa and with its principal place of business in Iowa because its headquarters, which is the location from which company officers and top management provide direction to the rest of the organization, is in Iowa. *See* Exhibit A, Decl. of D. Waters ¶ 3.

18. Because WLF and Plaintiff are citizens of different States, the parties are diverse for purposes of 28 U.S.C. § 1332(d)(2)(A).

## **NON-WAIVER OF DEFENSES**

19. WLF reserves the right to amend or supplement this Notice of Removal.

20. WLF submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief can be granted.[1]

---

[1] WLF also represents that Plaintiff's claims sufficiently invoke federal Article III standing or, at the very least, if this issue is raised by Plaintiff or by the Court *sua sponte*, resolution should await the Seventh Circuit's decision in *Bryant v. Compass Group U.S.A., Inc.*, 20-1443 (2020).

4

Dated: March 30, 2020      **FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Gregory P. Abrams*
Gregory P. Abrams, #6280767
gregory.abrams@faegredrinker.com
311 s. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501

Shannon L. Sole*
shannon.sole@faegredrinker.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**ATTORNEYS FOR DEFENDANT WEST LIBERTY FOODS, LLC**

*application for *pro hac vice* admission pending

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby states that on March 30, 2020 a true copy of the foregoing was filed using the CM/ECF Filing System, which will send an email notification to the attorneys listed below. The foregoing document will also be served via overnight delivery upon all attorneys of record.

*/s/ Gregory P. Abrams*

Copies to:

David Fish
John Kunze
Mara Baltabols
THE FISH LAW FIRM, P.C.
200 East Fifth Street, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfim.com
docketing@fishlawfirm.com

6