# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAMARCUS VARNADO, individually, and on behalf of all other similarly situated, | ) ) ) ) | Case No. _____ |
| Plaintiff, | ) ) ) | Judge: _____ |
| v. | ) ) | |
| WEST LIBERTY FOODS, LLC, an Iowa limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION IN SUPPORT OF WEST LIBERTY FOODS, LLC'S NOTICE OF REMOVAL

I, Dan Waters, declare and state as follows:

1. I am employed as Vice President and General Counsel at West Liberty Foods, L.L.C. ("WLF"), the defendant in this action.

2. I submit this declaration in support of WLF's Notice of Removal. Unless otherwise indicated, I make this declaration based on personal knowledge and on my review of company records maintained in the regular course of business.

3. WLF is a limited liability company organized under Iowa law. WLF's corporate headquarters are located in West Liberty, Iowa, which is the location from which the majority of WLF's corporate officers and other top management personnel direct the operations of the company. For example, WLF's CEO and CFO work from WLF's West Liberty, Iowa location. In addition, WLF's Finance and Human Resources Departments are located in West Liberty, Iowa.

4.     My job duties at WLF include being familiar with and having access to company time reporting and payroll systems maintained in the ordinary course of business. I have reviewed company timekeeping data that indicates that the number of its hourly production workers at WLF's Bolingbrook, Illinois facilities who have enrolled in the electronic timekeeping system about which Plaintiff complains exceeds 1,600 persons since February 11, 2015.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 30, 2020

_____
Dan Waters
Vice President & General Counsel
West Liberty Foods, L.L.C.

# EXHIBIT B

**CT Packing Slip**

CT Corporation

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780128837020 |
| **Created By :** | Gaurav Saxena |
| **Created On :** | 02/27/2020 02:01 PM |
| **Recipient :** | |

**BRIAN MELHUS**

| | |
|---|---|
| Title : | -- |
| Customer : | West Liberty Foods, L.L.C. |
| Address : | 1045 76TH ST STE 1025 |
| Email : | brian.melhus@wlfoods.com |
| Phone : | -6417802440    Fax : - |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 537280566 | 20L124 | West Liberty Foods, L.L.C |

 CT Corporation

**Service of Process Transmittal**
02/27/2020
CT Log Number 537280566

**TO:**  BRIAN MELHUS
West Liberty Foods, L.L.C.
1045 76TH ST STE 1025
WEST DES MOINES, IA 50266-5838

**RE:**  **Process Served in Illinois**

**FOR:**  West Liberty Foods, L.L.C  (Domestic State: IA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAMARCUS VARNADO, ETC., PLTF. vs. WEST LIBERTY FOODS, LLC, DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Notice And Acknowledgment, Complaint, Summons, Affidavit, Motion, Exhibit |
| **COURT/AGENCY:** | Will County - 12 Judicial Circuit Court, IL Case # 20L124 |
| **NATURE OF ACTION:** | Violation of the Biometric Information Privacy Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 02/27/2020 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the day you receive this Summons |
| **ATTORNEY(S) / SENDER(S):** | David Fish THE FISH LAW FIRM, P.C. 200 East Fifth Avenue Suite 123 Naperville, IL 60563 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780128837020 |
| | Image SOP |
| | Email Notification,  BRIAN MELHUS  brian.melhus@wlfoods.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 208 LaSalle Ave Suite 814 Chicago, IL 60604 |
| **For Questions:** | 866-539-8692 CorporationTeam@wolterskluwer.com |

Page 1 of  1 / GS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

LAMARCUS VARNADO, individually and
on behalf of all others similarly situated

_____
Plaintiff(s) | Case No.      20L124 _____

vs.

WEST LIBERTY FOODS, LLC,
an Iowa limited liability company
_____
Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

West Liberty Foods, LLC
To: c/o CT Corporation System _____   Address: 208 S. LaSalle St. Suite 814 _____
                (Name)

City: Chicago _____   State: IL   Zip: 60602 _____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed

form to the sender within _____30_____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____30_____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served)

must answer the complaint within _____60_____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and

complaint will have been mailed on 02/18/2020 .

**Notice and Acknowledgment of
Receipt of Summons and Complaint**

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____

Signature

\* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\* (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

LAMARCUS VARNADO, individually and
on behalf of all others similarly situated

_____ Plaintiff(s) | Case No.  20L124 _____

vs.

WEST LIBERTY FOODS, LLC,
an Iowa limited liability company
_____ Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

West Liberty Foods, LLC
To: c/o CT Corporation System _____ Address: 208 S. LaSalle St. Suite 814 _____
         (Name)

City: Chicago _____ State: IL  Zip: 60602

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed

form to the sender within ____30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ____30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served)

must answer the complaint within ____60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and

complaint will have been mailed on 02/18/2020 .

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

===

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile. illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp.**

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L124
Filed Date: 2/11/2020 10:48 AM
Envelope: 8431618
Clerk: AKS

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

LAMARCUS VARNADO, individually and on
behalf of all others similarly situated,

<em>Plaintiff,</em>

v.

WEST LIBERTY FOODS, LLC, an Iowa limited
liability company,

<em>Defendant.</em>

Case No.:

**20L124**

### CLASS ACTION COMPLAINT

Lamarcus Varnado ("Plaintiff") files this Class Action Complaint ("Complaint") against West Liberty Foods, LLC ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.    Defendant is a turkey processing company formed in 1996 by the banding together of forty-seven turkey growers in Iowa. West Liberty has come a long way from its small-town roots and has since expanded its operations across the United States. In June 2014, West Liberty began operating in Illinois when it took over production facilities in Bolingbrook, Illinois.

2.    Plaintiff worked at Defendant's Bolingbrook, Illinois facility from approximately 2013 through June 2017.

3.    Plaintiff was placed to work at Defendant's facility through a temporary staffing agency and thereafter permanently hired by Defendant.

4.    Throughout his work with Defendant, Defendant required him and other workers, including direct employees and temporary staffing agency workers, to use a biometric time clock system to record their time worked.

Initial case management set for
06/01/2020    at: 9:00    a.m.

1

5.     Defendant required Plaintiff and other workers to scan their fingerprints in Defendant's biometric time clock each time they started and finished working.

6.     Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

7.     By requiring workers to scan their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one worker could not clock in for another.

8.     Thus, there's no question that Defendant achieved a labor management benefit from using a biometric time clock.

9.     But there's equally no question that Defendant placed workers at risk by using their biometric identifiers to "punch the clock."

10.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

11.     As a result, Illinois restricted private entities, like Defendant, from collecting, storing, or using a person's biometric identifiers and information without adhering to strict informed-consent and retention/destruction policy procedures established by the Biometric Information Privacy Act.

12.     Defendant collected, stored, and used the unique biometric fingerprint identifiers, or personal identifying information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

13.     Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric data of Plaintiff and other similarly-situated workers.

## JURISDICTION AND VENUE

14.     This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

15.     Will County is an appropriate venue for this litigation because Defendant is located in Will County, does business there, and the events giving rise to this lawsuit happened there.

## THE PARTIES

16.     Plaintiff is an individual who is a citizen of Illinois.

17.     Defendant is a limited liability company existing under the laws of the State of Iowa. West Liberty is registered to conduct business with the Illinois Secretary of State (04801482). West Liberty conducts business throughout this County, the State of Illinois, and the United States.

## REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

18.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

19.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

20.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

21.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).[1]

## BACKGROUND FACTS

22.     When Plaintiff scanned his fingerprint in Defendant's biometric time clock, Defendant captured and stored Plaintiff's fingerprint, or personal identifying information derived from Plaintiff's fingerprint.

23.     Before requiring Plaintiff to use a biometric time clock, Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or using his fingerprint or a representation derived from his fingerprint.

24.     Before requiring Plaintiff to use a biometric time clock, Defendant never obtained Plaintiff's written consent, or release as a condition of the work relationship, authorizing the collection, storage, or use of his fingerprint or a representation derived from Plaintiff's fingerprint.

25.     Defendant violated Plaintiff's privacy by capturing or collecting his unique

---

[1]     The Biometric Information Privacy Act has other requirements not yet relevant to Plaintiff's claims.

4

biometric identifiers and information the statutory disclosures and written consent required by the Biometric Information Privacy Act.

## CLASS ACTION ALLEGATIONS

26.  Plaintiff seeks to represent a class of Defendant's workers who scanned their fingerprints in Defendant's biometric time clock system in Illinois between February 5, 2015 and the present without first executing a written release ("the Class").

27.  Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

28.  The Class includes more than 50 members.

29.  As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

30.  The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to scan their fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a) and (b) of the Biometric Information Privacy Act.

31.  These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

32.  Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

33.  If individual actions were required to be brought by each member of the Class

5

injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

34.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

35.    The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, and use of their biometric identifiers and information.

36.    Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

37.    Plaintiff retained counsel experienced in complex class action litigation.

### COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

38.    Plaintiff realleges and incorporates the previous allegations of this Complaint.

39.    Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

40.    Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

41.    Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's fingerprints.

42.    Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without first informing them in writing that Defendant was doing so.

6

43. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without first informing them in writing that Defendant was doing so, the purpose of Defendant doing so, and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

44. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without first obtaining their written consent or other written release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

45. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

7

**COUNT II**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))**
**(Class Action)**

46.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

47.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

48.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

49.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff's and the Class's fingerprints.

50.     Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and personal identifying information based on their fingerprints without creating and following a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric information derived from Plaintiff's and the Class's fingerprints.

51.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

52.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.    Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated:  February 10, 2020

/s/    David Fish
One of Plaintiff's Attorneys

David Fish
John Kunze
Mara Baltabols
**THE FISH LAW FIRM, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfirm.com
docketing@fishlawfirm.com

*Attorneys for Plaintiff*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | LAMARCUS VARNADO, individually and others similarly situated | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | WEST LIBERTY FOODS, LLC | **20L124** |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent. | **1.** **Information about the lawsuit:** |
| | Amount claimed:  $ 50,000.01 |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** |
| | Name *(First, Middle, Last)*:  LAMARCUS VARNADO        c/o The Fish Law Firm, P.C. |
| | Street Address, Apt #:  200 E. 5th Ave., Suite 123 |
| | City, State, ZIP:  Naperville, IL 60563 |
| | Telephone:  (630) 355-7590 |
| | ☐ See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:** |
| | Name *(First, Middle, Last)*:  West Liberty Foods, LLC c/o CT Corporation System |
| | Street Address, Apt #:  208 S LaSalle St. Suite 814 |
| | City, State, ZIP:  Chicago, IL 60604 |
| | Telephone: |
| | ☐ See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued. |
|---|---|
| | Follow the instructions on the next page on how to appear/answer. |
| | • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. |
| | • Your written appearance/answer must be filed on time and in the proper form. |
| | • Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp |
| | If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.* |
| | You should read all of the documents attached. |

Enter the Case Number given by the Circuit Clerk:_____

<table>
<tr><td>

In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response.

</td><td>

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: Will County Court Annex, 57 N. Ottawa -2nd floor

City, State, ZIP: Joliet, IL 60432

</td></tr>
</table>

<table>
<tr><td>

**STOP!**

The Circuit Clerk will fill in this section.

</td><td>

Witness this Date: _____2/11/2020_____

Clerk of the Court: *Andrea Lynn Chasteen*

</td><td>

Seal of Court

</td></tr>
</table>

<table>
<tr><td>

**STOP!**

The officer or process server will fill in the Date of Service.

</td><td>

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

</td></tr>
</table>

<table>
<tr><td>

**Plaintiff/Petitioner:**

</td><td>

To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.

</td></tr>
</table>

<table>
<tr><td>

**Attention:**

</td><td>

E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

</td></tr>
</table>

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | Plaintiff / Petitioner *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Defendant / Respondent *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
   Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
   Height: _____   Weight: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   And left it with: _____
   *First, Middle, Last*
   Male: ☐   Female: ☐   Approx. Age: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the
   above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
   *First, Middle, Last*
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| DO NOT complete this section. The sheriff, or private process server will complete it. | By: |
|---|---|

Signature _____

Print Name _____

**FEES**

| By certified/registered | $ _____ |
|---|---|
| Service and Return | $ _____ |
| Miles: _____ | $ _____ |
| Total $ _____ |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Will _____ COUNTY | SUMMONS | For Court Use Only |
| --- | --- | --- |

| Instructions ▼ | | |
| --- | --- | --- |
| Enter above the county name where the case was filed. | LAMARCUS VARNADO, individually and others similarly situated | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | WEST LIBERTY FOODS, LLC<br>**Defendant / Respondent** *(First, middle, last name)* | **20L 124**<br>**Case Number** |

| | |
| --- | --- |
| In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.   Information about the lawsuit:**<br>Amount claimed:   $ 50,000.01 |
| In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.   Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):*  LAMARCUS VARNADO      c/o The Fish Law Firm, P.C.<br>Street Address, Apt #:   200 E. 5th Ave., Suite 123<br>City, State, ZIP:   Naperville, IL 60563<br>Telephone:  (630) 355-7590<br>☐ See attached for additional Plaintiff/Petitioner contact information |
| In 3, enter the name of the person you are suing and their address.<br>If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.   Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last):*  West Liberty Foods, LLC c/o CT Corporation System<br>Street Address, Apt #:   208 S LaSalle St. Suite 814<br>City, State, ZIP:   Chicago, IL 60604<br>Telephone:  _____<br>☐ See attached for additional Defendant/Respondent contact information |

| | |
| --- | --- |
| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br> • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br> • Your written appearance/answer must be filed on time and in the proper form.<br> • Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp<br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br>You should read all of the documents attached. |

Enter the Case Number given by the Circuit Clerk:_____

| | |
|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4.** **Instructions for person receiving this form (Defendant/Respondent):** |

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: Will County Court Annex, 57 N. Ottawa -2nd floor

City, State, ZIP: Joliet, IL 60432

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** 2/11/2020 |
| | **Clerk of the Court:** *Andrea Lynn Chasteen* |

Seal of Court

---

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of its date, listed above. |
| | Date of Service: _____ |
| | *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

---

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

---

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

**My name is** _____ **and I swear under oath**
*First, Middle, Last*

**that I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____
  Height: _____  Weight: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____
  And left it with: _____
  *First, Middle, Last*
  Male: ☐  Female: ☐  Approx. Age: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the
  above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
  *First, Middle, Last*
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: _____

| DO NOT complete this section. The sheriff, or private process server will complete it. | **By:** |
| --- | --- |

_Signature_ _____

_Print Name_ _____

**FEES**

By certified/registered    $ _____

Service and Return    $ _____

Miles: _____    $ _____

Total    $ _____

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L124
Filed Date: 2/13/2020 2:48 PM
Envelope: 8470404
Clerk: RR

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

LAMARCUS VARNADO, individually and on behalf of all others similarly situated,

        *Plaintiff*,

    v.

WEST LIBERTY FOODS, LLC, an Iowa limited liability company,

        *Defendant.*

Case No.: 20L124

---

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Lamarcus Varnado ("Varnado" or "Plaintiff") alleges that Defendant West Liberty Foods, LLC ("West Liberty" or "Defendant") systematically violated the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. This case is well-suited for class certification under 735 ILCS 5/2-801. Specifically, Plaintiff seeks to certify a class consisting of hundreds of former and current similarly-situated employees who worked for Defendant that had their fingerprints unlawfully collected, captured, received, otherwise obtained, or disclosed by Defendant during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiff's claims, and the claims of similarly-situated individuals, all arise from Defendant's uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified.

### I.    RELEVANT BACKGROUND

Major national corporations started using locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its

relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

(1) Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

(2) Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) Receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b).

Although there may be benefits with using biometrics in the workplace, there are also serious risks. Unlike ID badges– which can be changed or replaced if stolen or compromised – fingerprints are a unique, permanent biometric identifier associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has *no* means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed – as in the recent Equifax, Home Depot, Google+ and Facebook/Cambridge Analytica data breaches– individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. Recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the

2

collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

### A. Factual Allegations

Plaintiff filed this class action against Defendant to redress Defendant's unlawful collection, use, storage, and disclosure of Illinois employees' biometric information under BIPA. In this Class Action Complaint, Plaintiff provided detailed allegations that Illinois employees who use Defendant's technology as a condition of employment were, and continue to be, universally required to scan their fingerprints for enrollment in an employee database(s) as a requirement of their employment, but are not: (1) informed in writing of the purpose(s) and length of time for which fingerprint data is being collected, stored, used, and disseminated by Defendant; (2) provided a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendant; and (3) provided (nor did it execute) a written release for Defendant, as required by BIPA. *See* Compl. ¶¶ 20-25, 43, 50.

Plaintiff was required to use Defendant's biometric device during his work for Defendant. *Id.* ¶¶ 2-5. As a condition of employment, Plaintiff was required to scan his fingerprints each time he clocked in or out of work. *Id.* Plaintiff was required to scan his fingerprints each time they accessed Defendant's biometric device. *Id.* However, Defendant failed and continue to fail to inform Illinois employees, including Plaintiff, of the extent of the purposes for which it collects individuals' sensitive biometric data or to whom the data is disclosed. *Id.* ¶ 43. Defendant similarly failed to provide Illinois employees, including Plaintiff, with a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying individuals' fingerprint data when the initial purpose for collecting or obtaining their fingerprint is no longer relevant, as required by BIPA. *Id.* ¶¶ 25, 42-43. Illinois employees, including Plaintiff, have no

3

knowledge when they leave the company of when – if ever – their biometric identifiers will be removed from Defendant's database(s). *Id.*

Illinois workers are not told what might happen to their biometric data if and when Defendant merges with another company or, worse, if and when Defendant's entire businesses fold. Since Defendant neither publishes a BIPA-mandated data retention policy nor disclose the purposes for its collection of biometric data, Illinois employees, including Plaintiff, have no idea whether Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric data. Nor are Illinois employees told to whom Defendant currently discloses their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. Finally, Defendant never secured a written release executed by any of Illinois' employees, including Plaintiff, permitting it to collect, store, use, and disseminate employees' biometric data, as required by BIPA. *Id.* ¶¶ 24, 44.

Accordingly, Defendant's practices violated BIPA. As a result of Defendant's violations, Plaintiff and similarly-situated individuals were subject to Defendant's common and uniform policies and practices and were victims of its scheme to unlawfully collect, store, use, and disseminate Illinois employees' biometric data in direct violation of BIPA. Plaintiff now seeks class certification for the following similarly-situated individuals, defined as:

> All residents of the State of Illinois who scanned their fingerprints in Defendant's biometric time clock system in Illinois between February 5, 2015 and the present without first executing a written release.

Given Defendant's standard practices defined above and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before Defendant has responded. For the reasons discussed herein, Plaintiff's request should be granted.

4

## II.  STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1) the class is so numerous that a joinder of all members is impracticable;

(2) there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3) the representative parties will fairly and adequately protect the interest of the class; and

(4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

## III.  ARGUMENT

Plaintiff's claims here are especially suited for class certification because Defendant treated all Illinois employees identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful collection, storage,

5

use, and dissemination of their biometric data that was required as a condition of employment throughout the class period. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

## A.     The Class Is So Numerous That Joinder of All Members Is Impracticable.

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement as Defendant employs hundreds of Illinois workers who were subjected to the same policy. The class of potential plaintiffs is sufficiently large to make joinder impracticable. As a result of Defendant's violations of BIPA, Plaintiff and all similarly situated individuals were subjected to Defendant's common and uniform policies and practices and were victims of Defendant's scheme to unlawfully collect, store, use, and disseminate their extremely personal and private biometric data in direct violation of BIPA. The precise number in the class cannot be

6

determined until discovery records are obtained from Defendant. Nevertheless, class membership

can be easily determined by reviewing Defendant's records and those of its customers. *See e.g.,*

*Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's

denial of class certification and holding that class was certifiable over Defendant's objection that

"the proposed class was not ascertainable, because the process of reviewing Defendant's

transaction files to determine class membership would be burdensome"). Once Defendant's

records are obtained, the Court will know the precise number of persons affected.

Further, recognizing the need to protect its citizens from harms such as identity theft,

Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage,

retention, and destruction of biometric identifiers and information. A class action would help

ensure that Plaintiff and all other similarly-situated individuals have a means of redress against

Defendant for its widespread violations of BIPA.

## B.      Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.

Courts analyze commonality and predominance under Section 2-801 by identifying the

substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*,

407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then

becomes whether those issues will predominate and whether they are common to the class,

meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of

recovery in other class members." *Id.* at 773. As stated by the Court of Appeals, the question is

will "common . . . issues be the subject of the majority of the efforts of the litigants and the

court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes." Common questions of law or

fact are typically found to exist when "the claims of the individual class members are based upon

the common application of a statute or where the proposed class members are aggrieved by the

7

same or similar conduct or a pattern of conduct." *Bueker v. Madison Cty.*, 2016 IL App (5th) 150282, ¶ 27; *McCarthy v. LaSalle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

At the heart of this litigation is Defendant's culpable conduct under BIPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregarded the statutorily-protected privacy rights of Plaintiff and other similarly-situated individuals and unlawfully collected, stored, used, and disseminated their biometric data in direct violation of BIPA. Specifically, Defendant have violated and continues to violate BIPA because it failed and continues to fail to: (1) inform Plaintiff or the putative class in writing of the specific purpose(s) and length of time for which their fingerprints were being collected, stored, used, and disseminated as required by BIPA; (2) provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the putative class' fingerprints, as required by BIPA; and (3) receive a written release from Plaintiff or the putative class to collect, capture, use, otherwise obtain or disseminate their fingerprints, as required by BIPA. Defendant treated the entire proposed class in precisely the same manner, resulting in identical violations of BIPA. These common practices create common issues of law and fact. In fact, the legality of Defendant's collection, storage, use, and dissemination of Illinois employees' biometric data is the focus of this litigation.

Indeed, once this Court determines whether Defendant's practices of collecting, storing, and using individuals' biometric data without adhering to the specific requirements of BIPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one claimant would be

8

proof as to all members of the class. This alone establishes predominance. The only remaining questions will be whether Defendant's violations caused members of the class to suffer damages and the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

## C. The Named Plaintiff And Class Counsel Are Adequate Representatives Of The Class.

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or he will fairly represent them. *See CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 16. In this case, Plaintiff's interest arises from statute. The class representative is a member of the proposed class and will fairly and adequately protect the class' interests. Plaintiff, as a condition of employment, was required to have his fingerprints scanned by one of Defendant's biometric devices. Defendant subsequently stored Plaintiff's fingerprints in its database(s). Plaintiff has never been informed of the specific limited purposes (if any) or length of time for which Defendant collected, stored, used, or disseminated his biometric data. Compl. ¶¶ 20-25, 43, 50. Plaintiff has never been informed of any biometric data retention policy developed by Defendant, nor have he ever been informed whether Defendant will ever permanently delete his fingerprints. Finally, Plaintiff has never been provided, nor did he ever sign, a written release allowing Defendant to collect, store, use, or disseminate his fingerprints. Thus, Plaintiff was a victim of the same uniform policies and practices as the individuals he seeks to represent and is not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiff has the interests of those class members in mind, as demonstrated by his willingness to

9

sue on a class-wide basis and step forward as the class representatives, which subjects them to discovery.

Proposed Class Counsel, The Fish Law Firm PC will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. The Fish Law Firm, P.C. has extensive experience in class action litigation and its attorneys have been appointed class counsel on numerous occasions; they also are involved in more than a dozen cases involving biometric privacy violations. (See Exhibit A.) Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

## D.   A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a Defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claim stems from Defendant's common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens, if not hundreds, of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*,

10

2015 IL App. (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

## E.     The Court Should Allow Supplemental And Deferred Briefing Following Discovery.

Defendant's practices and policies are uniform. Plaintiff believes that the present Motion should be supplemented based upon very limited initial discovery. Plaintiff is moving as early as possible for class certification in part to avoid the "buyoff problem," which occurs when a Defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiff is also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts known at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## IV.     Conclusion

For the reasons stated above, Plaintiff respectfully request that the Court enter an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff as Class Representative; (3) appointing The Fish Law Firm, P.C. as Class Counsel; and (4) authorizing court-facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiff to supplement this briefing, and defer response and reply briefs.

11

Date: February 11, 2020

Respectfully Submitted,

/s/ Mara Baltabols

David Fish
Kimberly Hilton
John Kunze
Mara Baltabols
**THE FISH LAW FIRM, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
630.355.7590
630.778.0400
dfish@fishlawfirm.com
mara@fishlawfirm.com
docketing@fishlawfirm.com

# Exhibit A

## DECLARATION OF DAVID J FISH

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true:

1.     I am an attorney admitted to practice before the Supreme Court of the State of Illinois. I am entering this declaration in support of Plaintiffs' Motion for and Memorandum in Support of Class Certification. This declaration is based upon my personal knowledge except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2.     I am the founder of The Fish Law Firm, P.C.

3.     I graduated #2 in my law school class from Northern Illinois University College of Law in 1999.  Prior to starting my own firm, I was employed by other law firms engaged in litigation in and around Chicago, Illinois including, Jenner & Block in Chicago as a summer associate, Klein, Thorpe & Jenkins in Chicago as an associate and The Collins Law Firm, P.C. as an associate.

4.     I have extensive experience representing employees and employers in labor and employment disputes. I have handled disputes with the Illinois Department of Labor, the United States Department of Labor, the Illinois Department of Human Rights, the National Labor Relations Board, the Equal Employment Opportunity Commission, and in the state and federal courts in Illinois.  I have litigated dozens of cases in the United States District Court for the Northern District of Illinois.

1

5.    I am the former chair of the DuPage County Bar Association's Labor and
Employment Committee and served on the Illinois State Bar Association's Labor and Employment
Committee Section Council. I also am a member of the National Employment Lawyers
Association.

6.    I have, on several occasions, lectured at educational seminars for lawyers and other
professionals. I moderated a continuing legal education panel of federal magistrates and judges on
the Federal Rules of Civil Procedure through the Illinois State Bar Association. I have presented
on electronic discovery rules and testified before the United States Judicial Conference in Dallas,
Texas regarding electronic discovery issues. I have provided several CLE presentations on issues
relating to labor and employment law.

7.    I have authored, or co-authored, many articles, including: "Enforcing Non-
Compete Clauses in Illinois after Reliable Fire", Illinois Bar Journal (April 2012); "Top 10 wage
violations in Illinois", ISBA Labor and Employment Newsletter (August, 2017); "Physician
Non-Complete Agreements in Illinois: Diagnosis—Critical Condition; Prognosis- Uncertain"
DuPage County Bar Journal (October 2002); "Are your clients' arbitration clauses enforceable?"
Illinois State Bar Association, ADR Newsletter (October 2012); "The Legal Rock and the
Economic Hard Place: Remedies of Associate Attorneys Wrongfully Terminated for Refusing to
Violate Ethical Rules", Univ. of W. Los Angeles Law Rev. (1999); "Zero-Tolerance Discipline
in Illinois Public Schools" Illinois Bar Journal (May 2001); "Ten Questions to Ask Before
Taking a Legal-Malpractice Case" Illinois Bar Journal (July 2002); "The Use Of The Illinois
Rules of Professional Conduct to Establish The Standard of Care In Attorney Malpractice
Litigation: An Illogical Practice", Southern Illinois Univ. Law Journal (1998); "An Analysis of

2

Firefighter Drug Testing under the Fourth Amendment", International Jour. Of Drug Testing (2000); "Local Government Web sites and the First Amendment", Government Law, (November 2001, Vol. 38).

8. Some examples of class, collective, and/or employment litigation in which I have served as a lawyer include:

a.      *Larson v. Lennox Industries*, 2013 WL 105902 (N.D. Ill, 12 c 2879)(conditional certification granted in FLSA action alleging that store managers were misclassified as exempt from receiving overtime pay).

b.      *Nelson v. UBS Global Management*, No. 03-C-6446, 04 C 7660 (N. D. Ill.)(ERISA class action on behalf of thousands of BP Amoco employees who had Enron debt purchased as part of their money market fund; recovery of approximately $7 million).

c.      *Sotelo v. DirectRevenue*, No. 05-2562 (N.D. Ill. filed Apr. 29, 2005)(class action alleging that company placed "spyware" on consumers' computers; resulted in a settlement that mandated significant disclosures to computer users before unwanted software could by placed on their computers, see also Julie Anderson, *Sotelo v. Directrevenue, LLC: Paving the Way for Spyware-Free Internet*, 22 Santa Clara High Tech. L.J. 841 (2005).

d.      *Franzen v. IDS Futures Corporation,* 06 CV 3012 (N. D. Ill. 2006)(recovery of millions of dollars for more than 1,000 limited partners in an investment fund that lost value as a result of the Refco bankruptcy).

e.      *Pope v. Harvard Bancshares*, 06 CV 988, 240 F.R.D 383 (N. D. Ill. 2006)(class action recovery of $1.3 million for former shareholders of community bank who had stock repurchased in a reorganization).

3

     f.     *Pietrzycki v. Heights Tower Serv., Inc.,* 197 F. Supp. 3d 1007 (N.D. Ill. 2016)(finding Fish appropriate to represent Class in wage and hour claims relating to overtime).

     g.     *Schrock v. Wenner Media LLC*, et al, 10-cv-7230 (defended marketing company in putative nationwide class action alleging violations of TCPA for unsolicited text message marketing; our client dismissed from case voluntarily without payment).

     h.     *G.M. Sign Inc. v. Pastic-Mach Corporation*, 12-cv-3149 and 10-cv-7854 (defended putative nationwide class action alleging violations of TCPA for unsolicited junk faxes, both cases dismissed without payment by client).

     i.     *Ismael Salam v Nationwide Alarm LLC*, 14-cv-1720 (defended putative nationwide class action alleging violations of TCPA for unsolicited calls to cellular telephone; our client dismissed with prejudice voluntarily without payment).

     j.     *Cope v. Millhurst Ale House of Yorkville, Inc.* 14-cv-9498 (collective action for FLSA claims settled on collective basis).

     k.     *Girolamo v. Community Physical Therapy & Associates, Ltd*, 15-cv-2361 (alleging claims under FLSA, IMWL, IWPCA).

     l.     *Jones et al v. Sistar Beauty Corporation*, 15-cv-3359 (collective action alleging FLSA and class action alleging Illinois Minimum Wage Law "IMWL" claims; final judgment entered).

     m.     *Magallan v. Pancho's Family Restaurant, LLC*, 15-cv-5578 (defending FLSA and IMWL claims).

     n.     *Mello et al v. Krieger Kiddie Corporation*, 15-cv-5660 (collective and putative class action alleging claims under FLSA, IMWL, IWPCA).

     o.     *Lampley v. Aryaani dba Subway*, 15-cv-9332 (collective action alleging claims under FLSA, IMWL, IWPCA).

p.    *Kalechstein v. Mehrdad Abbassian*, M.D., P.C., 15-cv-5929 (defending IWPCA claims).

q.    *Barker et al v. Septran, Inc*, 15-cv-9270 (IMWL and putative collective claims under the FLSA and IWPCA).

r.    *Simpkins v. DuPage Housing Authority,* 15-cv-9103 (includes claims under FLSA and IMWL).

s.    *Day v. Stockton Construction Group, LLC*, 15-cv-5884 (collective claims brought under FLSA, IMWL, and IWPCA).

t.    *Wehrle v. Midwest Sleep Associates, LLC*, 15-cv-4397 (collective action complaint alleging claims under FLSA and IMWL).

u.    *Sharples et al v. Krieger Kiddie Corporation*, 2013 CH 25358 (Cir. Court Cook County) (Illinois Wage Payment and Collection Act IWPCA class action claims; final approval of class wide settlement).

v.    *Wendell H. Stone Co. v. Metal Partners Rebar, 16-cv-8285* (defending TCPA class action).

w.    *Barker v. Septran,* 15-cv-9270 (Rule 23 IWPCA claim for vacation forfeiture and separate FLSA claims for overtime).

x.    *Andrews v. Rockford Process Control, Inc.*, 3:17-cv-50171 (class and collective claims brought under the FLSA and the IMWL).

y.    *Kusinski v. MacNeil Automotive Products Limited*, 17-cv-03618 (class and collective claims under the FLSA and the IMWL; final approval of class settlement entered);

z.    *Grace v. Brickstone,* 17-cv-7849 (class and collective claims under the FLSA, IMWL, and IWPCA; final approval of class settlement).

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed this 8th day of February, 2019 at Naperville, Illinois.


/s/ David J. Fish

David J. Fish

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L124
Filed Date: 2/13/2020 2:48 PM
Envelope: 8470404
Clerk: RR

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

LAMARCUS VARNADO, individually and on
behalf of all others similarly situated,

*Plaintiff,*

v.

Case No.: 20L124

WEST LIBERTY FOODS, LLC, an Iowa limited
liability company,

*Defendant,*

### NOTICE OF MOTION

To:     West Liberty Foods, LLC c/o CT Corp. Syst.
208 S. LaSalle St. Ste 814, Chicago, IL 60604

PLEASE TAKE NOTICE that on March 26, 2020 at 9:00 am, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Anderson in Courtroom A236 of the Circuit Court of the Twelfth Judicial Circuit Will County, 57 N. Ottawa Street, Joliet, Illinois 60432 to present the **Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues**, a copy of which is attached hereto and hereby served upon you.

Dated: October 24, 2019                          Respectfully submitted,

**Lamarcus Varnado, individually and on behalf
of all others similarly situated.**

By:     /s/   Mara Baltabols
One of its Attorneys

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of **Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues** was served to the following party U.S. Mail on February 13, 2020

By /s/ Nicole M. Sanders
Nicole M. Sanders

The Fish Law Firm, P.C
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400
Email: docketing@fishlawfirm.com