UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMARCUS VARNADO, on behalf of himself and others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) WEST LIBERTY FOODS, ) ) Defendant. ) | Case No. 20 C 2035 Judge Sharon Johnson Coleman |

### ORDER

The Court, in its discretion, grants defendant West Liberty Foods' motion to stay the present proceedings pending the Illinois Appellate Court's decision in *Tims v. Black Horse Carriers*, No. 1-20-0563 [16]. The Court directs the parties to file a status report once the Illinois Appellate Court decides *Tims*.

### BACKGROUND

Plaintiff Lamarcus Varnado brings this putative class action under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Varnado alleges that his former employer, defendant West Liberty Foods, violated BIPA by implementing a biometric fingerprint timekeeping system without its employees' prior written consent. Defendant filed a motion to dismiss Varnado's claims as untimely and also argued that the Illinois Workers' Compensation Act ("IWCA") preempts Varnado's BIPA claims. In the alternative, defendant asks the Court to stay this matter until the Illinois courts resolve the statute of limitations and preemption issues. Specifically, defendant asserts that in *Tims v. Black Horse Carriers*, the Illinois Appellate Court will address whether a one-or five-year limitations period applies to BIPA claims. Further, defendant submits that in *McDonald v. Symphony Bronzeville, LLC*, No. 1-19-2398 will address the preemption issue. Since defendant filed the present motion, the Illinois Appellate Court has concluded that

"BIPA injuries are "simply not compensable under the [Workers'] Compensation Act." *McDonald v. Symphony Bronzeville Park*, 2020 IL App (1st) 192398, ¶ 27 (1st Dist. Sept. 18, 2020) (unpublished). Therefore, the issue in this motion is whether the Court should stay the present proceedings pending the *Tims* decision on the statute of limitations issue.

## DISCUSSION

District courts have the inherent authority to control their own docket. *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). "That inherent authority includes the power to stay proceedings where the party seeking the stay would be spared hardship or inequity, the prejudice to the nonmovant would be comparatively minor, and the stay would significantly advance judicial economy." *Freed v. Friedman,* 215 F.Supp.3d 642, 658 (N.D. Ill. 2016) (Feinerman, J.).

Central to this lawsuit is whether Varnado's BIPA claims are untimely under the one-year limitations period set forth in 735 ILCS 5/13-201 for violations of privacy claims or whether the catch-all five-year limitations period under 735 ILCS 5/13-205 applies. Staying the present proceedings until the limitations issue is resolved by the Illinois Appellate Court would significantly advance judicial economy because Varnado failed to file his BIPA claims within the one-year limitations period. And, in this diversity jurisdiction lawsuit, the *Tims* decision will control the statute of limitations issue. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently.") (citation omitted).

Varnado's arguments of prejudice and delay are belied by the fact that the *Tims* appeal is fully briefed. Further, that courts other than the Illinois Appellate Court have concluded the one-year limitations period under 5/13-201 does not apply is not dispositive because the Illinois Appellate Court's decision will control. In short, Varnado's concerns do not outweigh the judicial economy of

staying these proceedings under the circumstances. *See Vaughn v. Biomet USA, Inc.,* No. 20 CV 4241, 2020 WL 6262359, at *2-3. (N.D. Ill. Oct. 23, 2020) (Aspen, J.).

**IT IS SO ORDERED.**

Date: 1/5/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge